# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:01CV363-3-MU

| | | |
|---|---|---|
| DONOVAN PATRICK JOHNSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| TONY STAMEY, Supt. Of Foothills | ) | |
| Correctional Inst., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Petitioner Donovan Patrick Johnston's (hereinafter

"Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No.

1.) Also before the Court is the State's Motion for Summary on Summary Judgment, (Document No.

4), Petitioner's response to the State's Motion (Document No. 9), the State's reply, (Document No.

10), and several notices of additional authority by both the Petitioner and the State (Document Nos.

11,12,13,14 and 15.)

## I. Statement of Facts

The Court of Appeals' summary of facts sufficiently states the pertinent facts from Petitioner's

trial.

At trial, the State presented evidence tending to show the following: On 11 May 1995 Earl
Sebaz Grant (Grant) and Dennis Clark (Clark), upon arriving at the Magnolia Apartments in
Mecklenburg County, North Carolina, encountered defendant, along with several of his
friends, in the complex parking lot. While Grant and Clark were walking past defendant,
defendant asked Clark why Clark had taken his jacket. Clark responded he had not taken
defendant's jacket, and he and Grant proceeded across the street to a local convenience store.
While Grant was in the store, defendant and his friends also crossed the street and approached

the store. After making a purchase, Grant and Clark returned to the apartment parking lot. Grant noticed defendant also returning to the parking lot. Defendant again asked Clark about the jacket and Clark heard defendant ask if he wanted to but some "reefer." When Clark stated he did not smoke it, defendant offered to give Clark some marijuana anyway, and again he declined. At that point, defendant stepped out of Grant's line of sight and Grant heard defendant ask again if Clerk wanted any "reefer." Defendant then said, "look, this is what I've got for you," and Grant heard a series of gunshots and saw Clark step back and fall to the ground. The autopsy revealed eight separate gunshot wounds, though several of the wounds appeared to be from the same bullet.

Testimony was offered that defendant carried a .38 pistol, which the medical examiner stated was the appropriate caliber of the bullets removed from Clark's body. A lawful search of defendant's home revealed a shell jacket within his bed mattress. The bullets found at the scene, the ones removed from the victim's body, and the bullet found in defendant's mattress were all determined to have been fired from the pistol that killed Clark.

Defendant did not present any evidence at trial.

After hearing all the evidence, the jury found defendant guilty of first degree murder and the trial court sentenced defendant to life imprisonment.


(Court of Appeals 10/21/97 Order)

## II. Procedural Background

A review of the record reveals that Petitioner was convicted after trial by jury of first-degree murder and sentenced to life imprisonment in case 95 CRS 078299. On October 21, 1997 the North Carolina Court of Appeals issued an unpublished opinion finding no error in Petitioner's trial and the Supreme Court of North Carolina dismissed notice of appeal on December 4, 1997. State v. Johnston, 127 N.C.App 563, review denied, 347 N.C. 407, (1997). Petitioner was represented at trial by Jesse J. Waldon, Jr., and on appeal by Leslie Carter Rawls. On September 11, 1998 Petitioner filed a certiorari petition in the Supreme Court of North Carolina, which was denied April 8, 1999. Petitioner filed numerous overlapping motions and petitions in various courts. On December 3, 1998 Petitioner filed a motion for appropriate relief (MAR) in the Superior Court of Mecklenburg County and a federal habeas corpus petition and motion to stay in this Court. Johnston v. Stamey, No.

3:98cv539-MU.  On December 10, 1998, this Court allowed Petitioner's motion to stay.  Respondent subsequently filed a motion to dismiss and reconsider on the order of abeyance, which was allowed on March 10, 1999.  On December 10, 1998 Honorable Shirley Fulton dismissed Petitioner's MAR because his certiorari petition was then pending in the Supreme Court of North Carolina.  As stated above, on April 8, 1999 that court denied certiorari. On April 23, 1999 Petitioner filed his MAR in the Superior Court of Mecklenburg County.  On June 23, 1999 Judge Fulton ordered an evidentiary hearing and on September 13, 1999 allowed state funds to hire a defense psychologist.  Judge Fulton also ordered all of Petitioner's medical records at Dorothea Dix Hospital disclosed to the defense. On May 17, 2000 Honorable Carl L. Tilghman conducted a hearing on the state's motion for summary dismissal, denied the motion and ordered the evidentiary hearing to proceed.  On May 18, 2000 Petitioner presented testimony from psychologist Dr. Faye Ellen Sultan and the state submitted an affidavit from trial counsel Mr. Waldon.  On May 19, 2000 the parties agreed to submit testimony by affidavits.  Petitioner submitted affidavits from four persons, i.e. three Attorneys Claire J. Rauscher, Gay R. Atkins, Phillip H. Redmond, Jr. and Petitioner Mother, Ms Deborah Johnston.  By order dated August 2, 2000, Judge Tilghman entered detailed findings of fact and conclusions of law and denied Petitioner's MAR.  On November 9, 2000 Petitioner submitted a certiorari to the Supreme Court of North Carolina.  The state moved to dismiss because the petition should have been filed in the North Carolina Court of Appeals.  On May 4, 2001 the Supreme Court of North Carolina allowed the state's motion and Petitioner filed his certiorari petition in the Court of Appeals on May 8, 2001.  Certiorari was denied on June 26, 2001 and Petitioner filed his current federal habeas application with this Court on June 29, 2001.

In this instant motion, Petitioner contends that; (a) the state post-conviction courts erred in

determining that his claim of ineffective assistance of counsel was procedurally barred; (b) he received ineffective assistance of counsel; and © the trial court violated Petitioner's Sixth and Fourteenth Amendment rights by entering judgment on the murder verdict where the indictment did not allege all the elements of the offense.

### III. Standard of Review

Generally speaking, the standard of review to be applied by the Court to <u>habeas</u> cases is "quite deferential to the rulings of the state court." <u>Burch v. Corcoran</u>, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the <u>Burch</u> Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

<u>Id</u>. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 413 (2000), quoted in <u>Burch</u>. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. <u>Id</u>.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits," that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

## IV. Analysis

### A. The Procedural Bar Ruling

Petitioner claims that the North Carolina Court of Appeals erred in determining that his claim of ineffective assistance of counsel was procedurally barred. Petitioner argues that the Court of Appeals decision was not a decision on the merits because the court's ruling did not clearly and expressly address the specific issue pleaded in Petitioner's Motion for Appropriate Relief. Petitioner further argues that even if the procedural bar was correctly applied, he has shown good cause for excusing the prior decision, actual prejudice and a fundamental miscarriage of justice because the court failed to consider his claim.

First, the issue of whether the state post-conviction courts erred in determining Petitioner's claim of ineffective assistance of counsel was procedurally barred because it had already been raised, adjudicated and denied on its merits on direct appeal, is not the type of claim amenable to habeas review. Alleged errors or deficiencies in state post-conviction proceedings simply do not support the issuance of a federal writ. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis of federal habeas corpus relief."); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir.) (Claim of error in state post-conviction proceeding cannot support habeas relief), cert. denied, 525 U.S. 925 (1998).

Next, Petitioner contends that the state procedural rule which barred him from raising his ineffective assistance of counsel claim is not strictly applied. To support his contention he cites a number of cases in which the Petitioner raised ineffective assistance of counsel claims on direct review and again in a MAR. These cases are distinguishable from the instant case in that in all the cases cited, the appeals court denied the ineffective assistance of counsel claims without prejudice to defendant's right to raise it in MAR or determined it did not have sufficient evidence in the record to reach the ineffective assistance of counsel claims. In the instant case, the appeals court did adjudicate the ineffective assistance of counsel claims on the merits. Additionally, while the MAR court did deny the ineffective assistance fo counsel claims based on a procedural bar it did so after the benefit a full evidentiary hearing on the issue and after making detailed findings of fact. So, unlike the cases cited by the Petitioner, his ineffective assistance of counsel claims were specifically addressed by the appeals court of direct review. Moreover, they were fleshed out in the MAR court in the form of an evidentiary hearing.

Further, Petitioner's assertion that the Court of Appeals decision was not a decision on the merits because the court's ruling did not clearly and expressly address the specific issue pleaded in Petitioner's Motion for Appropriate Relief is incorrect. Petitioner raised on direct appeal the contention that "his trial attorney did not request the appointment of a mental health expert to determine whether defendant was capable of premeditating and deliberating, and whether the defense of diminished capacity was appropriate." (Order denying Petitioner's Direct Appeal at 3.) Petitioner then raised the same claim in his MAR. (Judgment on MAR August 2, 2000 at 4.) Judge Tilgham ruled that Petitioner raised the same ineffective assistance of counsel claim in his direct appeal as in his MAR and that he had not demonstrated cause and prejudice or a fundamental miscarriage of

justice to overcome this procedural bar.  (See Order denying Petitioner's MAR; NCGS § 15A-1419(a)(2) and (b) (1999) (claim adjudicated on the merits in prior appeal or motion shall be denied absent cause and prejudice or fundamental miscarriage of justice).

The Court of Appeals' adjudication and denial of Petitioner's ineffective assistance of counsel claim was sufficiently express and did constitute a denial on the merits.  However, assuming the Court of Appeals' adjudication and denial of Petitioner's ineffective assistance of counsel claim was not "sufficiently express", it would still constitute an adjudication on the merits for purposes of federal habeas review.  This is so because even a silent or summary state court adjudication constitutes an adjudication on the merits for federal habeas purposes.  Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000) (dissenting opinion pointing out that both the majority of the en banc panel and the dissenters agree that a perfunctory state court order by a North Carolina Superior Court judge denying an MAR solely on the grounds that the MAR "fails to state claim upon which relief can be granted", without any citation of authority, is an adjudication on the merits for purposes of 28 U.S.C. § 2254(d)(1)).

Therefore, Petitioner's claim that the state post-conviction court erred in determining that his ineffective assistance of counsel claim was procedurally barred is not cognizable on federal habeas review and is without merit.

**B. Ineffective Assistance of Counsel Claim**

Petitioner claims that his trial attorney was ineffective in that he did not investigate or consider the defense of diminished capacity, he failed to speak with any doctors, including those who examined Petitioner at Dorothea Dix, about Petitioner' case, never obtained Petitioner's juvenile file and pursued a self defense theory which was not viable.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

Petitioner has not established either prong of the Strickland test. He has failed to show either a professional dereliction or prejudice. Additionally, as stated above, Petitioner raised substantially the same, if not identical ineffective assistance of counsel claim he raises here, on direct appeal and in his MAR. The Court of Appeals adjudicated and denied this claim on the merits. In addition,

Petitioner thoroughly litigated this claim at a state post-conviction evidentiary hearing before Judge

Tilghman on May 18-19, 2000.  At the evidentiary hearing, Petitioner presented testimony from a

psychologist and the parties agreed to submit all additional testimony by affidavit.  Petitioner

submitted affidavits from three attorneys: Claire Rauscher, Gay Atkins and Phillip Redmond.

Petitioner also submitted an affidavit from his mother.  The state submitted an affidavit from

Petitioner's trial attorney.[1] [2]  Although Judge Tilghman ultimately denied the ineffective assistance

of counsel claim on grounds of state procedural bar, he entered detailed findings of fact which show

the ineffective assistance of counsel claim is without merit.

Based on the evidence at the evidentiary hearing, Judge Tilghman entered the following

findings of fact:

> The trial attorney clearly considered and rejected the defense of diminished capacity and made
> a tactical decision based upon facts of the shooting as relayed to him by the Defendant and
> the conversation with doctors who evaluated the Defendant. To pursue a self defense theory

---

[1] Petitioner claims that his trial counsel submitted several inconsistent statements.  The
first statement was a declaration submitted on behalf of Petitioner that was attached to his MAR
filed on December 3, 1998.  The next was attached to the State's Response to the MAR which
was served and filed January 12, 2000.  The last is a short undated affidavit which states that a
notation in trial counsel's file says "diminished capacity at time of crime and capacity to proceed.
Foresnic."  The affidavit goes on the state that he considered and rejected a diminished capacity
defense and lists the names of some of the mental health professionals that evaluated his client  .
The Court notes that it has reviewed these three statements and does not find them to be
inconsistent with one another.

[2] Petitioner 's counsel stated that she considered putting Petitioner's trial attorney on the
stand but could not reach him.  She indicated she had doubts as to his truthfulness, but stipulated
to the admission of his affidavit.  (Transcript of Evidentiary Hearing, Vol. III at 5.)  Petitioner's
post conviction counsel failed to call trial counsel to the stand during the evidentiary hearing.  If
she doubted trial counsel's truthfulness, she could have subpoened him as a witness in order to
cross-examine him.  Instead she stipulated to the admission of his affidavit.  The Court notes that
Petitioner is not entitled to post conviction counsel and may not raise an ineffective assistance of
post conviction counsel claim.  Mackell v. Angelone, 131 F.3d 442 (4th Cir.) cert. denied, 522
U.S. 1100, (1998).

by and with the consent of the Defendant. The Defendant relayed facts of the shooting to his trial attorney which clearly showed that the Defendant took action before, during and after the shooting which indicated that the Defendant had the ability to form the intent to kill with premeditation and deliberation. The Defendant told his trial attorney how he wanted to teach the victim . . . "not to mess around with me." The Defendant described how he lured his victim to a secluded area to avoid witnesses to the shooting and how he eluded police for about two months after the shooting. Other evidence shows that the Defendant said to the victim "look, this is what I've got for you" and then shot the victim several times with a .38 cal. Pistol. The Defendant further told his attorney that, "how did I know he didn't have a gun in his trunk or something?" which gave rise to the self-defense theory. Additionally the trial attorney had conversations with doctors who examined the defendant at Dorethea Dix Hospital and none of them gave any indication that the Defendant was incapable of forming the specific intent to commit murder even though their examination was to determine the Defendant's capacity to proceed to trial.

(Judgment on MAR August 2, 2000 at 4-5.)

Judge Tilghman's above findings of fact are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). These findings show that counsel performed reasonably under the circumstances.

Further, Petitioner was afforded a state post-conviction evidentiary hearing to present his ineffective assistance of counsel claim and he was provided funds to hire an expert witness ( a psychologist). Therefore, a federal evidentiary hearing to allow Petitioner to re-develop testimony or to present evidence that he failed to develop at his state evidentiary hearing, is prohibited. See 28 U.S.C. § 2254(e)(2) .

The Court of Appeals' and Judge Tilghman's adjudication of Petitioner's current ineffective assistance of counsel claim was correct. It was a correct and reasonable application of the law. It is not contrary to Strickland and it is not an unreasonable application of Strickland to the facts of this case in light of the evidence presented at trial or at the post-conviction evidentiary hearing. Therefore, Petitioner's claim of ineffectiveness is also denied pursuant to § 2254(d) and (e). See

Williams v. Taylor, 529 U.S. 362, 409-412 (2000).

## C. The Indictment Gave Notice of the Charges

Petitioner contends that the trial court violated Petitioner's Sixth and Fourteenth Amendment rights by entering judgment on the murder verdict where the Indictment did not allege all of the elements of the offense. To support this contention, Petitioner asserts that North Carolina's short-form murder indictment utilized in this case omitted any allegation of premeditation and deliberation and therefore was insufficient to charge first-degree murder. Petitioner claims his indictment failed to give him adequate notice of the charge of first- degree murder and was invalid under the federal constitution. According to Petitioner, the short-form indictment only charged him with second-degree murder. Therefore, his conviction for first-degree murder must be vacated.

To support his claim, Petitioner' s cites to the United States Supreme Court decision Jones v. United States, 526 U.S. 227 (1999), which held that in a federal prosecution, "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt." See also, Apprendi v. New Jersey, 530 U.S. 466 (2000) ("any fact [other than prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Since the time Petitioner filed his petition, the Fourth Circuit has held that Apprendi and Jones state a new rule of constitutional law that cannot be applied retroactively to cases on collateral review. See United States v. Sanders, 247 F.3d 139, 151 (4th Cir.) cert. Denied, 534 U.S. 1032 (2001).

North Carolina's short-form murder indictment, which is used to charge both first and second degree murder, does not mention the elements of premeditation and deliberation required for first-

degree murder.   Instead, the short form murder indictment, as used in the case at bar, states

> THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 11th day of May, 1995, in Mecklenburg County, Donovan Patrick Johnston did unlawfully, wilfully, and feloniously and of malice aforethought kill and murder Dennis Clark.

Petitioner claims this indictment failed to give him adequate notice of the charge of first-degree murder and was invalid under the federal constitution.  Due process requires that a defendant be informed of the charges against him.  In re Oliver, 333 U.S. 257, 273-75 (1948).  This requirement is also imposed by the Sixth Amendment to the Constitution.  The Due Process Clause and the Sixth Amendment, therefore, essentially provide the same protections to criminal defendants.  Fawcett v. Bablitch, 962 F.2d 617, 618 (7th Cir. 1992).

The Court notes that the record evidences that Petitioner clearly had notice that he was being charged with first-degree murder.  In October, 1995 Petitioner was transferred from juvenile court. The order transferring Petitioner states the reason for the transfer is that the Petitioner has been charged with first-degree murder.  Additionally, on his waiver of indictment form, it states Petitioner was charged with first-degree murder.  Further, Petitioner's trial counsel stated in his writing that Petitioner rejected the state's plea offer to second-degree murder.  Therefore, there is no doubt that Petitioner and his counsel knew long before trial that Petitioner was charged with first-degree murder. Clearly, Petitioner had notice of the first-degree murder charge against him.

Moreover, the Fourth Circuit recently decided the case of Hartman v. Lee, 283 F.3d 190 (4th Cir. 2002) which is controlling in this case.  In Hartman, the Court held that under North Carolina law, there is only one common law crime of murder, which by statute is divided into two degrees and that the short-form indictment, commonly used in North Carolina, which alleged only common law murder was sufficient to inform the defendant of the charges against him and thus to satisfy the

requirements of the Sixth Amendment and due process clause. The indictment in the instant case which charged the Petitioner with first-degree murder is exactly the same as that which charged the defendant with first- degree murder in <u>Hartman</u>.

Therefore, the indictment in the instant case, which alleged elements of common law murder, provided sufficient notice to Petitioner of the first-degree murder charge against him and there was no violation of Petitioner's Sixth and Fourteenth Amendment rights.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is <u>Denied</u> and <u>Dismissed</u> and the State's Motion for Summary Judgment is <u>Granted</u>.

**Signed: July 27, 2005**

Graham C. Mullen
Chief United States District Judge